IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | |
|---|---|
| DURWARD O'NEAL BRISKEY | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. 3:05-CV-725-T |
| | (WO) |
| COMMISSIONER WRIGHT, *et al.*, | * |
| Defendants. | * |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is currently incarcerated in the Randolph County Jail located in Wedowee, Alabama. He filed this 42 U.S.C. § 1983 complaint on August 3, 2005 alleging that the conditions of confinement in the jail are unconstitutional. Plaintiff names as defendants County Commissioner Wright, Sheriff Jeff Fuller, Chief Shirley Johnson, and Captain Craig Davidson. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against Commissioner Wright prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

**DISCUSSION**

Plaintiff's complaint regarding the conditions under which he is housed in the Randolph County Jail may not proceed against County Commissioner Wright. A county

commissioner cannot be held liable for actions undertaken during the daily operation of a county jail.  *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998). Moreover, county commissioners are entitled to absolute immunity under § 1983 for claims arising from the appropriation of funds for the maintenance of a county jail. *Woods v. Garner*, 132 F.3d 1417, 1420 (11th Cir. 1998).  Consequently, Plaintiff's claims against Commissioner Wright are due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

### CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   Plaintiff's claims against Commissioner Wright be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii);

2.  Commissioner Wright be DISMISSED as a party to this complaint; and

3.   This case with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **24 August 2005**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of August, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE